United States District Court
Southern District of Texas
**ENTERED**
August 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMETRICE INEZ GWYN, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02863 |
| | § | |
| JUDGE KELLAS-BURTON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions for injunctive relief (Dkts. 2, 3) filed by Plaintiff Demetrice Inez Gwyn ("Gwyn"). After careful consideration of Gwyn's written submissions and the other filings in the case, the motions (Dkts. 2, 3) are **DENIED**.

## FACTUAL BACKGROUND

Gwyn, *pro se*, filed this suit against Judge Kellas-Burton in his official capacity, Winchester Juvenile Court, the State of Virginia, and Governor Glenn Youngkin in his official capacity, alleging violations of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the Fourteenth Amendment's Due Process clause, and the Full Faith and Credit Clause of the U.S. Constitution. (Dkt. 1 at 3–4). Apart from a request for "reasonable attorney's fees and costs," the Complaint seeks "injunctive and declaratory relief" solely. (Dkt. 1 at 1). Gwyn moves the Court for a temporary restraining order to "prevent the removal" of Gwyn's minor child from Texas "until this Court can hear [Gwyn's] Motion for Preliminary Injunction." (Dkt. 3 at 1). She also seeks a preliminary injunction "enjoining Defendants from exercising jurisdiction over the custody matter

involving [Gwyn's] minor child . . . and requiring the immediate transfer of jurisdiction to Texas, [the child's] home state under the Uniform Child Custody Jurisdiction and Enforcement Act." (Dkt. 2 at 1).

**LEGAL STANDARD**

In the Fifth Circuit, the following well-established framework generally governs the determination of whether to grant a temporary restraining order or preliminary injunction. To be entitled to either, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four factors requires this Court to deny the movant's request for a preliminary injunction. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). As the Fifth Circuit has repeatedly cautioned, "a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

The requirements for obtaining a preliminary injunction are stringent in all cases, but "[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and

law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976); *see also Justin Industries, Inc. v. Choctaw Securities, L.P.*, 920 F.2d 262, 268 n. 7 (5th Cir. 1990) ("And because Sutherland is seeking a mandatory injunction, it bears the burden of showing a clear entitlement to the relief under the facts and the law."); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 441 F2d 560, 561 (5th Cir. 1971) ("[W]hen a plaintiff applies for a mandatory preliminary injunction, such relief should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.") (quotation marks omitted); *Roark v. Individuals of Federal Bureau of Prisons, Former and Current*, 558 Fed. App'x 471, 472 (5th Cir. 2014).

"To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment." *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). "To assess the likelihood of success on the merits, [courts] look to standards provided by the substantive law." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) (quotation marks omitted). When the plaintiff has brought multiple causes of action, he need only present a prima facie case on one of them. *Kalsi Engineering, Inc. v. Davidson*, No. 4:14-CV-1405, 2014 WL 12540550, at *2 & n.2 (S.D. Tex. Sept. 2, 2014); *Texas v. U.S.*, 95 F. Supp. 3d 965, 981 (N.D. Tex. 2015); *see also Butler v. Alabama Judicial Inquiry Commission*, 111 F. Supp. 2d 1224, 1230 (N.D. Ala. 2000) ("Under the first requirement for obtaining a temporary restraining order, the court does not have to find that Plaintiffs have a substantial likelihood of success on every claim set forth in their Complaint.").

## ANALYSIS

As the movant, Gwyn has the burden in this case to show that the elements needed for issuance of a temporary restraining order and preliminary injunction have been satisfied here. After reviewing the filings, the Court finds that Gwyn has not carried his burden and has not established her right to injunctive relief. Specifically, she has not shown that there is a substantial likelihood that she will prevail on the merits of this case.

<u>UCCJEA</u>

As an initial matter, the UCCJEA is a state statute that does not provide a federal right of action. *Williford v. Ballard*, No. CV 19-751-JWD-EWD, 2020 WL 6277303, at *2 (M.D. La. Aug. 24, 2020), *report and recommendation adopted*, No. CV 19-751-JWD-EWD, 2020 WL 6276954 (M.D. La. Oct. 26, 2020) ("The UCCJEA does not create any federal right of action, as it is a state procedural act."); *Bangle v. Bangle*, No. 4:14-CV-240-O, 2014 WL 12584311, at *1 (N.D. Tex. Apr. 22, 2014), *report and recommendation adopted*, No. 4:14-CV-240-O, 2014 WL 12580469 (N.D. Tex. May 14, 2014) (same). The Court will thus proceed with evaluating Gwyn's federal law claims under the Fourteenth Amendment and the Full Faith and Credit Clause.[1]

---

[1] Construing Gwyn's allegations liberally, Gwyn asserts these claims pursuant to 42 U.S.C. § 1983. *See DeVillier v. Texas*, 601 U.S. 285, 291 (2024) ("Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts . . . Instead, constitutional rights are generally . . . asserted offensively pursuant to an independent cause of action designed for that purpose, *see, e.g.*, 42 U.S.C. § 1983." (citation omitted)).

Commonwealth of Virginia

The Supreme Court has held the Eleventh Amendment provides "an unconsenting State [with immunity] from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see* U.S. Const. amend. XI. "There are only two exceptions to this long-standing rule." *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003), *aff'd*, 403 F.3d 272 (5th Cir. 2005). The first is if Congress abrogates a state's sovereign immunity to suit pursuant to its "power [under § 5] of the Fourteenth Amendment." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The second is if a state decides to "waive its sovereign immunity by consenting to suit." *Id.* Absent the presence of either of these two circumstances, a plaintiff cannot sue a state—or any of its agencies—in federal court. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100 ("[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Eleventh Amendment immunity is a "jurisdictional bar [that] applies regardless of the nature of the relief sought." *Pennhurst State School & Hosp.*, 465 U.S. at 100–01.

Gwyn has sued the Commonwealth of Virginia under Section 1983. Section 1983 does not abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983."); *Freedom From Religion Found., Inc. v. Mack*, 4 F.4th 306, 311 (5th Cir. 2021)

("Suits against the State under 42 U.S.C. § 1983 are doubly dismissible because the State is not a "person" under that statute."); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Moreover, there is no indication that the Commonwealth consented to be sued by Gwyn. Gwyn has thus not shown a likelihood of success on her claims against the Commonwealth.

<u>Winchester Juvenile Court</u>

The Winchester Juvenile Court[2] is a Virginia state court and is therefore entitled to Eleventh Amendment immunity as an instrumentality of the Commonwealth of Virginia. "Federal courts have consistently recognized that state courts . . . are instrumentalities or arms of the State entitled to Eleventh Amendment protection." *Anand v. Commonwealth*, No. 1:23-CV-87 (RDA/IDD), 2023 WL 7301995, at *7 (E.D. Va. Nov. 3, 2023) (finding that a Virginia state court, as an instrumentality of the Commonwealth of Virginia, was also immune from suit under the Eleventh Amendment); *Marable v. Mecklenburg Cnty. Cir. Ct.*, No. 1:23CV269 (RDA/LRV), 2023 WL 2674183, at *1 (E.D. Va. Mar. 6, 2023), *aff'd*, No. 23-6299, 2023 WL 4839380 (4th Cir. July 28, 2023) ("[S]uit against a state court is barred by the Eleventh Amendment, as that amendment prohibits suit against an arm of the state as well as against the state itself.")

In addition, it "'is well settled that a state court is not a "person" subject to suit under § 1983.'" *Vyas v. 26th Dist. Juv. & Domestic Rels. Ct. for City of Harrisonburg & Cnty. of*

---

[2] The court's full name is Frederick/Winchester Juvenile and Domestic Relations District Court. *See* Virginia's Judicial System, https://www.vacourts.gov/courts/jdr/frederick~winchester/home. html.

*Rockingham*, No. 7:23-CV-00189, 2023 WL 3570441, at *4 (W.D. Va. May 19, 2023) (quoting *Bradley v. Virginia*, No. 7:19-CV-00253, 2019 WL 1460921, at *2 (W.D. Va. April 2, 2019)), *appeal dismissed*, No. 23-6567, 2023 WL 8798108 (4th Cir. June 21, 2023); *see Jasper v. Fugate*, No. CIV.A. 7:07CV00556, 2007 WL 4246567, at *1 (W.D. Va. Nov. 29, 2007) (explaining that even if petition was "construed as an action for injunctive relief, pursuant to 42 U.S.C. § 1983, it would still be subject to dismissal" because, *inter alia*, the Virginia state "court is not a 'person' amenable to suit under § 1983").

Gwyn has thus not demonstrated a likelihood of success on her claims against the court.

<u>Governor Glenn Youngkin</u>

Gwyn has also not shown a likelihood of success on her claims against the Youngkin, the current governor of the Commonwealth of Virginia, including because she has not established that she has standing to pursue claims against him.

"Generally, to have standing to sue under Article III, a plaintiff must allege: (i) an injury-in-fact that is (ii) fairly traceable to the defendant's challenged action and (iii) redressable by a favorable outcome." *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019). "'The party invoking federal jurisdiction bears the burden of establishing' standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Though Gwyn mentions Youngkin along with the other Defendants and states that they "fail[ed] to transfer jurisdiction of the custody case involving her son to Texas," she attributes the specific conduct she complains about—that the Winchester Juvenile Court has retained jurisdiction over custody matters involving her son and has refused to transfer of jurisdiction to Texas—almost exclusively to the Winchester Juvenile Court's actions. (Dkt. 1 at 2, 8, 10, 18–19; Dkt. 2 at 2; Dkt. 3 at 2). For example, she alleges in documents attached to the Complaint that "[t]he refusal of the Winchester Juvenile Court to transfer jurisdiction violates the UCCJEA, the Due Process Clause of the Fourteenth Amendment, and the Full Faith and Credit Clause of the U.S. Constitution." (Dkt. 1 at 10).  She has thus not alleged her injury is fairly traceable to Youngkin. *See, e.g.*, *Does #1-7 v. Abbott*, 345 F. Supp. 3d 763, 773 (N.D. Tex. 2018) (dismissing claims against Texas governor in his official capacity where plaintiffs were "unable to show how their alleged injuries [we]re fairly traceable to [the governor's] specific conduct"), *aff'd sub nom. Does 1-7 v. Abbott*, 945 F.3d 307 (5th Cir. 2019).

 Accordingly, Gwyn has not "presented a prima facie case" on her claims against Youngkin. *Vascular Health Sciences, L.L.C.*, 710 F.3d at 582.

<u>Judge Kellas-Burton</u>

Elizabeth Kellas Burton is a Virginia state court judge and therefore is entitled to Eleventh Amendment immunity. *Crawford v. Hughes*, No. 3:20CV813, 2021 WL 2125031, at *7 (E.D. Va. May 25, 2021) (finding that Eleventh Amendment immunity shielded Virginia state-court judge from § 1983 suit). "Generally, state sovereign immunity

precludes suits against state officials in their official capacities." *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) ("State officers acting in their official capacity are also entitled to Eleventh Amendment protection, because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989))); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Section 1983 does not abrogate the states' Eleventh Amendment immunity).

The *Ex parte Young* doctrine, however, provides a narrow exception to Eleventh Amendment immunity when a plaintiff sues official capacity defendants for an allegedly ongoing violation of federal law and seeks prospective, declaratory, or injunctive relief. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) ("[I]n *Ex parte Young*, this Court recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law."). But "this traditional exception does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health*, 595 U.S. at 39. That is because "an injunction against a state court would be a violation of the whole scheme of our government." *Ex parte Young*, 209 U.S. at 163.

Gwyn has not demonstrated how or why her claims fall outside the normal prohibition on federal courts issuing injunctions against state-court judges. Accordingly, she has failed to show a likelihood of success on her claims against Judge Kellas-Burton.

## CONCLUSION

Gwyn has failed to establish a substantial likelihood of success on the merits of her case. It is therefore ordered that Gwyn's motions for a temporary restraining order and preliminary injunction (Dkts. 2, 3) are **DENIED**.

SIGNED at Houston, Texas on August 26, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE