United States District Court
Southern District of Texas
**ENTERED**

December 12, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMETRICE INEZ GWYN, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02863 |
| | § | |
| JUDGE KELLAS-BURTON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Judge Elizabeth Kellas-Burton's Motion to Dismiss (Dkt. 24). Having carefully reviewed the complaint, the motion, the response, and the applicable law, the Court **GRANTS** the motion and **DISMISSES** the case as to this defendant.

### I.     FACTUAL BACKGROUND

Defendant Judge Elizabeth Kellas-Burton ("Judge Kellas") is the Chief Judge of the Frederick/Winchester Juvenile and Domestic Relations Court in the Commonwealth of Virginia. (Dkt. 25 at p. 1). Judge Kellas presided over a custody dispute regarding Plaintiff Demetrice Gwyn's ("Gwyn") minor child in Virginia state court, entering an Agreed Final Order of Custody, Visitation, and Child Support. (*Id.* at p. 2). The other parent in the matter—the father—then filed a Petition for Writ of Habeas Corpus in a Texas state court. (*Id.* at pp. 3 – 4). The Texas state court found that the father had the superior right of

possession and, more generally, that "[t]he court in Virginia is the [court of continuing exclusive jurisdiction]" for this custody matter. *Id*. Gwyn has appealed this ruling. *Id*.

Gwyn is suing Judge Kellas for violation of the Uniform Child Custody Jurisdiction and Enforcement Act, alleging that Judge Kellas's "refusal to transfer jurisdiction to Texas is a direct violation of" the statute. (Dkt. 1 at p. 3). Gwyn also claims that Judge Kellas violated the Fourteenth Amendment and the Full Faith and Credit Clause by refusing to transfer jurisdiction of the custody matter to Texas. (*Id*. at pp. 3 – 4). Gwyn requests that this Court declare Judge Kellas's refusal to transfer jurisdiction of the custody matter to be illegal. (*Id*. at p. 4). Gwyn also requests that this Court order "the immediate transfer of jurisdiction over the custody matter" and issue a "permanent injunction preventing Defendants from further exercising jurisdiction." (*Id*. at p. 5). In the present motion, Judge Kellas argues that Gwyn's claims against her for injunctive relief are barred by the *Younger* doctrine. (Dkt. 25 at p. 6).

## II.    LEGAL STANDARD

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). "[S]tanding and ripeness are essential components of federal subject-matter jurisdiction" and are challenged under Rule 12(b)(1). *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1032 (S.D. Tex. 2016) (quoting *In re Jillian Morrison*, L.L.C., 482 Fed. Appx. 872, 875 (5th Cir. 2012)).

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. The Court finds that Gwyn's claims are appropriate for dismissal under Rule 12(b)(1)[1] and does not reach the parties' arguments under Rule 12(b)(6).

---

[1] Some debate remains on whether *Younger* abstention should be raised under Rule 12(b)(1) or Rule 12(b)(6). The Fifth Circuit has recognized that the *Younger* doctrine "reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses," suggesting that the jurisdictional focus of Rule 12(b)(1) may be an ill fit for dismissal pursuant to *Younger* abstention. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994)). However, the Fifth Circuit has affirmed a district court's granting of Rule 12(b)(1) dismissal based on *Younger* abstention. *See Perez v. Tex. Med. Bd.*, 556 Fed. Appx. 341 (5th Cir. 2014). *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (noting that the Supreme Court has treated *Younger* abstention as jurisdictional). The Court reviews Judge Kellas's *Younger* doctrine arguments under Rule 12(b)(1), and it notes that neither the analysis for nor the final result of this motion depends on whether the matter is dismissed under Rule 12(b)(1) or Rule 12(b)(6).

### III.    ANALYSIS

The Court finds that Gwyn's claims for injunctive relief are barred by *Younger* abstention, and Gwyn's request for declaratory relief is not supported by viable claims. Accordingly, all of Gwyn's claims against Judge Kellas are appropriate for dismissal.

### A.    Injunctive Relief

The Court is persuaded that the *Younger* doctrine bars all of Gwyn's claims against Judge Kellas in this matter. "In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see Younger v. Harris*, 401 U.S. 37 (1971). If these three prerequisites are satisfied, the Court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply.'"[2] *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

---

[2] The *Younger* exceptions are: "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Tex. Ass'n of Bus.*, 388 F.3d at 519 (quoting *Younger*, 401 U.S. at 49).

The Court finds that Gwyn's lawsuit against Judge Kellas satisfies the three prerequisites for the *Younger* doctrine. First, Gwyn's lawsuit in this Court would interfere with ongoing state judicial proceedings: the pending child custody matters in Virginia and Texas state courts. Judge Kellas has entered a temporary order and scheduled a subsequent hearing for January 2025 in the matter regarding Gwyn's minor child in Virginia state court. (Dkt. 25 at p. 7). In Texas state court, Gwyn has appealed matters involving custody issues of the same child. *Id*. Accordingly, granting injunctive relief here would interfere with two ongoing state judicial proceedings.

The Court finds that this lawsuit also satisfies the second requirement for the *Younger* doctrine. Texas courts have recognized a "strong state interest in determining the custody of children," and Virginia courts consider the "protection of children from harm" to be a "valid and compelling state interest." *In re Powers*, 974 S.W.2d 867, 870 (Tex. App. 1998); *Knox v. Lynchburg Div. of Soc. Serv.*, 223 Va. 213, 223 (1982). Gwyn brings child custody matters in both state courts. As such, both Texas and Virginia have an important interest in regulating the subject matter of the state court proceedings at issue.

Finally, the Court finds that Gwyn has adequate opportunity in the state proceedings to raise constitutional challenges. State courts may address federal and constitutional claims, and Gwyn's lawsuit in this Court focuses on the custody of the same minor child as those in state courts. *See, e.g., Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–84 (1981) ("state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between

the federal claim and state-court"). The Court finds that Gwyn has an adequate opportunity to raise constitutional challenges regarding this matter in the state courts. The last prerequisite for *Younger* abstention is satisfied.

The Court holds that the *Younger* doctrine bars Gwyn's claims for injunctive relief against Judge Kellas in this matter. The Court also finds that this matter does not fall under any of the *Younger* exceptions. Accordingly, the Court dismisses Gwyn's claims against Judge Kellas for injunctive relief.

## B.    Declaratory Relief

Gwyn also seeks a judicial declaration that jurisdiction of the custody matter should be transferred to Texas. (Dkt. 1 at p. 4). The Court dismisses this claim because Gwyn's action for injunctive relief is not viable and Gwyn has not presented any other basis on which the Court could grant her request for a declaratory judgment.

Under the federal Declaratory Judgment Act, federal courts are allowed broad discretion to grant or refuse declaratory judgment. 28 U.S.C. §§ 2201, 2202. "The Declaratory Judgment Act is a procedural device that creates no substantive rights; rather, it requires the existence of a justiciable controversy." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (J. Ellison). Without "the existence of a judicially remediable right," a declaratory judgment is not available. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012); *see also Stallings v. CitiMortgage, Inc.*, 611 Fed. App'x 215, 217–18 (5th Cir. 2015) ("When the other claims have been dismissed, it is appropriate also to dismiss any

declaratory-judgment request."). Put another way, "[i]n a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. App'x 398, 400–01 (5th Cir. 2011).

As discussed above, Gwyn's underlying claim is barred by the *Younger* doctrine. Gwyn cannot base a request for a judicial declaration on her action for injunctive relief. Accordingly, the Court dismisses Gwyn's claim for declaratory relief.

### IV.     CONCLUSION

For the above reasons, the Court **GRANTS** the pending motion to dismiss (Dkt. 24) and Gwyn's claims against Judge Kellas are **DISMISSED**.

SIGNED at Houston, Texas on December 12, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE